IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JINGJING LIAN, *et al.*,               )
                                        )
        Petitioners,            )
                                        )
v.                                      )    Civil Action No.: 3:25-cv-392–HEH
                                        )
KRISTI NOEM, Secretary,                 )
Department of Homeland Security, *et al.*, )
                                        )
        Respondents.            )

## ORDER
### (Directing Resubmission 28 U.S.C. § 2241 Petition)

THIS MATTER is before the Court on its own initiative. In the Eastern District of New York, Petitioners Jingjing Lian ("Lian") and Rihui Zhu ("Zhu") (collectively, "Petitioners") filed a Petition for Writ of Habeas Corpus and Writ of Mandamus (ECF No. 1), on March 20, 2025, and a subsequent Amended Petition for Writ of Habeas Corpus and Writ of Mandamus (the "Amended Petition," ECF No. 5), on March 31, 2025.

According to the Amended Petition, Zhu is a citizen of China who was detained and arrested in New York City by Department of Homeland Security and U.S. Citizenship & Immigration Service officials. Zhu was subsequently transported to Farmville Detention Facility in Virginia. (ECF Nos. 6, 9.) On the habeas claim, Petitioners request an order directing the immediate release of Zhu, and on the mandamus claim, Petitioners request an order directing the expeditious completion of Lian's I-730 Petition, which pertains to Zhu's immigration status. Because a habeas petition must be

filed in the district of confinement, the District Court for the Eastern District of New York severed Petitioners' mandamus claim from the habeas claim and transferred the habeas claim to this Court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Upon review of Petitioners' Amended Petition for Habeas Corpus, the Court finds that the Amended Petition does not currently comply with the Local Rules for the Eastern District of Virginia or Rules Governing § 2254 Cases in U.S. District Courts. Therefore, upon due consideration and finding it appropriate to do so, the Court hereby ORDERS that Petitioner(s) submit[1], within twenty-one (21) days of the date of entry hereof, a petition complying with the following:

1. The Petition shall be limited to the habeas claim—and the pertinent parties— before this Court and shall not include the severed mandamus claim.

2. Local Rule 83.4(A) requires petitions filed by counsel to contain essentially the same information as set forth on the standard form for filing a § 2241 petition. The petition shall include, among the other requirements of the standard form, a detailed history of the underlying events, Zhu's legal status, and his current detention status.

3. Rule 2 of the Rules Governing Section 2254 Cases[2] requires that petitions pursuant to 28 U.S.C. § 2241 "be signed under penalty of perjury *by the petitioner* or *by a person authorized* to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing

---

[1] The Petition must, of course, be submitted through counsel admitted to practice before this Court.

[2] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

§ 2254 Cases in U.S. District Courts, Rule 2(c)(5) (emphasis added). The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. "'[A] next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest.'" *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (some internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "'next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action,'" and (2) the "next friend" must also establish that he is "'truly dedicated to the best interests of the person on whose behalf he seeks to litigate'" and has "'a significant relationship with the real party in interest.'" *Id.* at 603-04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163-64 ). "'The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.'" *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164). The current Amended Petition fails to demonstrate that counsel qualifies as a "next friend" and comply with Rule 2(c)(5). Thus, Petitioner(s) shall submit a petition complying with Rule 2.

On May 3, 2025, the Respondents filed a Consent Motion to Establish Response Deadline (the "Motion to Establish Deadlines," ECF No. 13), wherein Respondents request until June 20, 2025, to respond to the Amended Petition. Because the Amended Petition is inadequate in its current state, the Court WITHHOLDS resolving the Motion to Establish Deadlines (ECF No. 13) and SUSPENDS any briefing schedule until an adequate Petition for Writ of Habeas Corpus is received by the Court. Once received, the Court will establish a deadline for Respondents to respond.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/ Henry E. Hudson
Henry E. Hudson
Senior United States District Judge

Date: June 5, 2025
Richmond, Virginia

4